cient to allow the exercise of in personam jurisdiction.

Therefore:

IT IS ORDERED that the defendant First National Bank of Mobile's motion to dismiss be, and is hereby GRANTED.

The parties shall have ten days to advise the Court whether they wish to have this case transferred to the appropriate federal jurisdiction pursuant to *Aguacate Consolidated Mines, Inc. v. Deeprock, Inc.*, 566 F.2d 523 (5th Cir.1978); *Ellis v. Great Southwestern Corp.*, 646 F.2d 1099 (5th Cir.1981).

## ORDER DISMISSING ACTION WITH PREJUDICE

SPENCER WILLIAMS, District Judge.

This court's judgment, entered February 14, 1984 and reported at 586 F.Supp. 22, was vacated by the Court of Appeals. The matter was remanded here. Pursuant to the Order of the Court of Appeals, the action is hereby dismissed with prejudice.

**COMPUTERLAND CORPORATION,
Plaintiff,**

v.

**MICROLAND COMPUTER
CORPORATION,
Defendant.**

**No. C–83–3076 SW.**

United States District Court,
N.D. California.

Sept. 6, 1984.

Carol S. Larson, O'Donnell & Gordon, Los Angeles, Cal., Hilary E. Pearson, Arnold, White & Durkee, Houston, Tex., Jonathan Greenfield, Ian N. Feinberg, Ware, Fletcher & Freidenrich, Palo Alto, Cal., for plaintiff Computerland Corp.

D. Peter Harvey, Horning, Janin & Harvey, San Francisco, Cal., Michael A. Ladra, Peter J. Courture, Wilson, Sonsini, Goodrich & Rosati, Palo Alto, Cal., Milton W. Schlemmer, Debra Dahl, Flehr, Hohbach, Test, Albritton & Herbert, San Francisco, Cal., for defendant.

**INTERNATIONAL PLACEMENT AND
RECRUITING, a corporation,
Plaintiff,**

v.

**REAGAN EQUIPMENT COMPANY, a
corporation, Defendant.**

**No. 83–C–1775.**

United States District Court,
E.D. Wisconsin.

Sept. 7, 1984.

